**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LAW FABRICATION, LLC,**

    **Plaintiff,**

v.                                                    Case No.  8:06-cv-565-T-30TGW

**LOCAL 15 OF THE SHEET METAL**
**WORKERS INTERNATIONAL**
**ASSOCIATION, AFL-CIO,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Sheet Metal Workers' Local 15's (hereinafter "Local 15") Motion to Dismiss (Dkt. 11), Plaintiff Law Fabrication, LLC's (hereinafter "Law Fabrication") Response in Opposition to the Same (Dkt. 12), Law Fabrication's Motion to Remand and Objection to Consolidation (Dkt. 8) and Local 15's Memorandum in Opposition to the Same (Dkt. 9).

## DISCUSSION[1]

On May 1, 2001, Law Fabrication entered into a collective bargaining agreement ("CBA") with Local 15.  The relevant portions of the CBA state as follows:

**Collective Bargaining Agreement Between Sheet Metal Workers' International Association, Local Union # 15 and LAW Fabrication, Inc.**

---

[1] Due to the litigious relationship between these parties, a synopsis of the procedural posture is warranted.

## Effective Date & Duration

**Section 1**.  This Agreement and Addendum attached hereto shall become effective on the first day of May 2001, and remain in full force and effect until the last day of June 30, 2004 and shall continue in force from year to year thereafter unless written notice of termination is given not less than ninety (90) days prior to the expiration date.  In the event such notice of termination is served, this Agreement shall continue in force and effect until an impasse in negotiations is reached.

* * *

The 1991 standard form of union agreement and all addenda in place at the commencement of this agreement shall be part of this agreement provided they do not conflict with any of the provisions of this agreement.

## STANDARD FORM OF UNION AGREEMENT

## ARTICLE 10

**SECTION 8**.  In addition to the settlement of grievances arising out of interpretation or enforcement of this Agreement as set forth in the preceding sections of this Article, any controversy or dispute arising out of the failure of the parties to negotiate a renewal of this Agreement shall be settled as hereinafter provided:

(a).  Should the negotiations for a renewal of this Agreement of negotiations regarding a wage/fringe reopener become deadlocked in the opinion of the Union representative(s) or of the Employer('s) representative(s), or both, notice to that effect shall be given to the National Joint Adjustment Board.

* * *

The dispute shall be submitted to the National Joint Adjustment Board pursuant to the rules as established and modified from time to time by the National Joint Adjustment Board.  The unanimous decision of said Board shall be final and binding upon the parties, reduced to writing, signed and mailed to the parties as soon as possible after the decision has been reached.  There shall be no cessation of work by strike or lockout unless and until said Board fails to reach a unanimous decision and the parties have received written notification of its failure.

\* \* \*

>  (d).  Unless a different date is agreed upon mutually between the parties or is directed by unanimous decision of the National Joint Adjustment Board, all effective dates in the new agreement shall be retroactive to the date following the expiration date of the expiring agreement.

The parties attempted to negotiate terms of a new CBA prior to and after the June 30, 2004 expiration date. As part of the negotiations, the parties agreed that any new agreement would eliminate the provisions of Article 10, Section 8, of the original CBA. However, the negotiations were ultimately unsuccessful and Law Fabrication declared an impasse in the negotiations on September 8, 2004. In response, Local 15 notified Law Fabrication that it was submitting the dispute to the National Joint Adjustment Board ("NJAB") in accordance with the procedures of Article 10, Section 8.

On March 31, 2005, Law Fabrication filed a Complaint For Declaratory Judgment and Injunctive Relief seeking a declaratory judgment regarding the termination of the CBA.[2] On June 6, 2005, Local 15 initiated an arbitration action before the NJAB.

On June 21, 2005, Law Fabrication filed an emergency motion for restraining order asking the Court to enjoin the NJAB's hearing scheduled for June 27, 2005. The Court granted Law Fabrication's motion on June 22, 2005, but later vacated the temporary restraining order when it granted Local 15's Motion to Quash on June 29, 2005.

On September 15, 2005, the NJAB conducted a hearing and issued its decision in the matter. Although it received notice of the hearing and was afforded the opportunity to appear

---

[2] See Case No. 8:05-cv-638-JSM-EAJ.

and testify in the matter, Law Fabrication did not appear before the NJAB. The NJAB's unanimous decision created a new collective bargaining agreement with the effective dates of July 1, 2004 through June 30, 2010.

On October 6, 2005, this Court entered an Order in Case No.8:05-cv-638-JSM-EAJ, dismissing Law Fabrication's declaratory judgment action regarding the termination of the CBA finding that it lacked subject matter jurisdiction over Law Fabrication's claims under Section 301.[3]

On December 13, 2005, Law Fabrication filed this action in state court seeking to vacate the arbitration award in case styled *Law Fabrication LLC v. Local 15 of the Sheet Metal Workers' International Association*, Case No. 05-11023, Div. A, Thirteenth Judicial Circuit Court, Hillsborough County.  In its Complaint, Law Fabrication seeks a declaratory judgment as to the validity of the new contract between Law Fabrication and Local 15 (Count I), alleges unconscionability as to the contract (Count II), and seeks vacatur of the arbitration award (Count III) (Dkt. 2).   On April 4, 2006, Local 15 removed this action to this Court.

On January 12, 2006, Local 15 filed an action in this Court to enforce the NJAB arbitration award against Law Fabrication. See Case No. 8:06-cv-00076-JSM-TBM.[4]

---

[3] As of October 2005, Law Fabrication had not alleged a violation of the CBA, rather requested this Court rule on the validity of the CBA.
In addition to lacking subject matter jurisdiction over Law Fabrication's 301 claim, this Court also found that it lacked subject matter jurisdiction over Law Fabrication's claim pursuant to 29 U.S.C. §§ 1132(a) and (e). See Case No. 8:05-cv-638-JSM-EAJ ( Dkt. 51).

[4] In Case No. 06-cv-0076, Local 15 alleged that Law Fabrication refused to comply with the award in breach of its contract.  Local 15 sought equitable relief in the form of a coercive order to enforce the NJAB's arbitration award**.**

Subsequently, on April 10, 2006, Local 15 filed a Motion to Enforce the Arbitration Award in Case No. 8:06-cv-0076-JSM-TBM.  This Court granted Local 15's motion, ordering Law Fabrication to comply with the terms of the arbitration agreement.[5]

On June 8, 2006, Local 15 filed the instant Motion to Dismiss arguing that Law Fabrication's Complaint (Dkt. 1) should be dismissed based on this Court's decision in Case No. 8:06-cv-76-JSM, as the two cases concern the same legal issue, i.e. whether or not Law Fabrication was required to comply with the arbitration award.   In its response, Law Fabrication argues that Local 15's Motion to Dismiss should be denied because (1) it is procedurally defective in that it contains no memorandum of law with citations to support the motion; (2) Local 15's filing with the NJAB is time barred; and (3) Plaintiff sufficiently states a claim for unconscionability (Dkt. 12).  Law Fabrication's arguments are without merit.

This Court has previously addressed Law Fabrication's statute of limitations argument as well as its request for vacatur of the arbitration award in this Court's Order in Case No: 8:06-cv-0076-JSM-TBM. <u>See</u> Case No. 8:06-cv-0076-JSM-TBM at Dkt. 28.  As such, Counts I and III of the complaint are **dismissed with prejudice**.

With regard to Count II of the Complaint, in its Motion to Dismiss filed in Case No: 8:06-cv-0076, Law Fabrication had an opportunity to raise and argue unconscionability as a defense to Local 15's Complaint and failed to do so at that time. <u>See</u> <u>Barakat v. Broward</u>

---

[5] Law Fabrication has since filed a Notice of Appeal as to this Court's enforcement of the arbitration award.

County Housing Authority, 771 So. 2d 1193, 1194 (Fla. 4th DCA 2000) (finding that unconscionability is an affirmative defense which must be raised by the proper pleading). Notwithstanding, the issue of whether a disparity of bargaining power existed at the time the parties entered into the CBA was addressed in this Court's previous order in Case No. 8:06-cv-0076-JSM-TBM, wherein this Court stated, "[t]he terms of the CBA and addendum *do not appear to be ambiguous or unconscionable.*" Case No. 8:06-cv-076-JSM-TBM at Dkt. 28 at 15 (emphasis added). As this Court has previously ruled on the issue of unconscionability, Count II of the Complaint is **dismissed with prejudice**.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Sheet Metal Workers' Local 15's (hereinafter "Local 15") Motion to Dismiss (Dkt. 11) is **GRANTED**.

2. Plaintiff Law Fabrication's First Amended Complaint is **DISMISSED WITH PREJUDICE**.

3. Plaintiff Law Fabrication's Motion to Remand and Objection to Consolidation (Dkt. 8) is **DENIED.**

4. All pending motions are denied as moot and the Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 17, 2006.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record